313 So.2d 587 (1975)
STATE of Louisiana
v.
Tookie A. DAVALIE and Mozine Johnson.
No. 55676.
Supreme Court of Louisiana.
April 24, 1975.
*588 Numa V. Bertel, Jr., Orleans Indigent Defender Program, New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Defendants Tookie A. Davalie and Mozine Johnson were charged by bill of information with the crime of robbery with a dangerous weapon in violation of La.R.S. 14:64. After trial, the jury returned a verdict of guilty as charged as to both defendants. Prior to sentencing, the state filed bills of information charging both defendants as multiple offenders. Accordingly, Davalie was sentenced to thirtythree years at hard labor in the custody of the Department of Corrections, and Johnson received a sentence of ninety-nine years at hard labor in the custody of the Department of Corrections. On appeal, defendants rely upon one bill of exceptions reserved during trial to obtain a reversal of their convictions and assign two errors allegedly committed by the trial judge during the hearing held on the multiple offender charges as cause to vacate their sentences.

BILL OF EXCEPTIONS NO. 4 (TRIAL)
This bill of exceptions was reserved to the trial judge's ruling permitting a defense witness to answer a question that called for an allegedly hearsay answer. The witness, Gwendolyn Mack, had testified that another alibi witness, Catherine Simmons, had asked her whether she had remembered seeing Catherine with one of the defendants on the night of the crime. The state then asked the witness how Catherine Simmons could have known that the witness had seen her with the defendant, to which defendant objected, contending that the answer would be hearsay.
*589 The court permitted the answer: "[b]ecause she looked up at me."
La.R.S. 15:463 provides the general rule in Louisiana that a witness is ordinarily incompetent to give hearsay and opinion testimony. The statute reads:
Except as otherwise provided in this Code, the witness can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have.
The statement of the witness admitted here was not hearsay evidence, i.e., testimony of statements made by another out of court and offered to show the truth of matters asserted therein, resting for its value upon the credibility of the person making the out-of-court statement. Properly, the statement was opinion testimony, by which the declarant gave her opinion of why Catherine Simmons knew that the witness had seen her with the defendant. Absent qualification of a witness as possessing special competence, or expertise in a particular field, his opinion testimony is ordinarily proscribed by R.S. 15:463.
However, it is well settled that, in exception to the rule of R.S. 15:463, no special competence is required for a witness to state a natural inference from something he has observed. State v. Kirklin, 283 So.2d 713 (La.1973); State v. Cole, 161 La. 827, 109 So. 505 (1926). Here, the witness' testimony that Catherine Simmons knew that she had seen her with one of the defendants was a natural inference drawn from her observation. Accordingly, it was admissible, and this bill of exceptions is without merit.

BILLS OF EXCEPTIONS NOS. 1-4 (Johnson) AND 1-3 (Davalie) (MULTIPLE OFFENDER HEARING)
These bills were reserved at the hearing on the charges that defendants were multiple offenders. The minutes of court reflect the following sequence of events. The guilty verdict was returned on December 5, 1973, whereupon the court ordered defendants remanded to custody to await sentencing, which was scheduled for December 11. There is no minute entry for December 11; the next entry, dated December 12, indicates that sentencing was continued to December 14. Bills of information charging both defendants as multiple offenders were filed on December 12.
The transcript of the proceedings of December 14 indicates that defense counsel entered a denial of the allegations contained in the information on behalf of defendants and then moved for a ten-day continuance on the ground that he was unprepared to go forward with a defense of either defendant. He indicated that he did not even have copies of the bills of information that charged each defendant as multiple offenders. The trial judge denied the motion, bills of exceptions on behalf of each defendant were reserved, and the court immediately proceeded with the hearing to inquire whether defendants had been convicted of the prior felonies as set forth in the information.
After hearing evidence of prior conviction, which defense counsel was unprepared to traverse, the trial judge found defendants to be multiple offenders. Defense counsel then moved for a delay of three days before imposition of sentence, in order to prepare a motion for a new trial. The motion was denied, and bills of exceptions were again reserved on behalf of each defendant. The trial judge then sentenced each defendant as a multiple offender.
The Louisiana Habitual Offender Law, La.R.S. 15:529.1, allows the district attorney to file a bill of information at any time after conviction or sentence against any person prosecuted by him for, and convicted of, a felony, accusing him of *590 prior felony convictions.[1] Upon the filing of the information, the court in which the subsequent conviction was obtained shall cause the person to be brought before it, inform him of the allegations contained in the information and of his right to be tried as to the truth thereof, and require the offender to say whether the allegations are true. The statute then provides in pertinent part:
If [the accused] denies the allegations of the information or refuses to answer or remain silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. . . .

La.R.S. 15:529.1(D) (emphasis added). If the judge finds that the accused has been convicted of the prior felonies or if he acknowledges or confesses that fact in open court, the court shall sentence him to the enhanced penalties prescribed by the statute.
Where the accused denies the allegations of the information, as in the instant case, the statute does not provide any specific period of delay for setting the hearing to inquire into whether the offender has been convicted of the prior felonies as set forth in the information. However, it is only reasonable to assume that the legislature intended that the judge fix the hearing with sufficient delay to afford the accused an adequate opportunity to investigate the allegations of prior convictions and to respond thereto. Considerations of fairness and justice require such an interpretation. As Lord Hewart, C.J., observed in Rex v. Sussex Justices, [1924] 1 K.B. 256, 259:
. . . it is not merely of some importance but is of fundamental importance that justice should not only be done, but should manifestly and undoubtedly be seen to be done . . . . Nothing is to be done which creates even a suspicion that there has been an improper interference with the course of justice.
The fourteenth amendment to the United States Constitution guarantees that no one may be deprived of his liberty without "due process of law." The quoted phrase represents a somewhat amorphous concept and has been said to embrace "the very essence of a scheme of ordered liberty."[2] Adequate notice and hearing of charges against the accused have always been regarded as fundamental elements of that scheme. As the Supreme Court has observed,
[i]t has never been doubted by this court, or any other so far as we know, that notice and hearing are preliminary steps essential to the passing of an enforceable judgment, and that they. . . constitute basic elements of the constitutional requirement of due process of law.[3]
There is no doubt that the application of the habitual offender law in this case worked a deprivation of defendants' liberty by the application of the enhanced penalties prescribed for multiple offenders, making the due process guarantee of the fourteenth amendment applicable here. Moreover, it is well settled that sentencing is a critical stage of criminal proceedings that *591 warrants due process safeguards.[4] Accordingly, we must determine whether defendants in this case were afforded those fundamental elements of procedural due process outlined above, i.e., adequate notice and hearing, on the multiple charges before their sentencing according to the schedule of enhanced penalties prescribed by the habitual offender law.
The record reflects that defense counsel was not given copies of the bills of information charging his clients with multiple offender status. Thus, he was uninformed of the specific convictions underlying the multiple offender charge and was unprepared to traverse the evidence offered by the state at the hearing. The totality of these circumstances suggests that the actions of the trial judge in refusing to grant the motions for a continuance of the hearing in order to allow defense counsel adequate time to investigate the nature and substance of the multiple offender charge and prepare a defense thereto worked a denial of the due process rights of the defendants. Under the circumstances, adequate notice and hearing of the accusation that defendants were multiple offenders were impossible. Accordingly, the sentences imposed upon the two defendants, Tookie Davalie and Mozine Johnson, must be vacated, and these proceedings must be remanded for re-sentencing in such a manner as will afford defendants a fair opportunity to investigate the charges and prepare their defenses prior to the hearing.
Because we find the refusal to grant a continuance of the hearing to be error, we need not consider defendants' contention that the trial judge committed error in not allowing a three-day delay between his finding the allegations of prior offenses to be true and his sentencing defendants as multiple offenders. However, even if we were to consider defendants' contention here, it is not well-founded. The multiple offender statute, R.S. 15:529.1, does not make it a crime to be a multiple offender. It merely provides for an enhanced penalty against the multiple offender for the basic crime for which he has been convicted. State v. Rowell, 306 So.2d 668 (La.1975) and authorities cited therein. Thus, a multiple offender hearing relates only to the sentencing of a defendant. The three-day delay of article 873 of the Code of Criminal Procedure is the required delay between the basic conviction and sentencing. Here, more than three days elapsed between the basic conviction and sentencing. We conclude that these bills are without merit.

DECREE
For the reasons assigned, the convictions are affirmed, the sentences imposed are hereby annulled and set aside, and the case is remanded for re-sentencing of the defendants in accordance with the views expressed herein.
BARHAM and DIXON, JJ., concur.
SUMMERS, J., dissents and assigns reasons.
SUMMERS, Justice (dissenting).
A correct statement of the facts surrounding the habitual offender hearing reveals that, following their conviction, the two accused were brought into court for the habitual offender hearing. At that time they waived the reading of the bill of information, entered a plea of not guilty, and asked for a continuance.
When a defendant represented by counsel waives the reading of the bill of information, it is implicit in that action that he was fully aware of its content and consequence. These circumstances make it difficult for me to understand the repeated reference in the majority opinion to the fact that defendants did not have copies of *592 the bills of information charging them as multiple offenders.
The trial judge denied the motion for a continuance, and the hearing on the multiple offender issue was held. At this hearing the State proved by documentary evidence, fingerprints, etc., that the accused was the same person previously convicted of other crimes.
In addition, the motion for continuance is not in writing, does not allege specifically the grounds upon which it is based, and it is not verified by the defendant or his counsel's affidavit as Article 707 of the Code of Criminal Procedure requires. This Court decision based upon the refusal to grant a continuance, therefore, attaches no importance to the requirements of Article 707. To the contrary, this mandate of the legislature is totally disregarded. I cannot subscribe to such a decision. Article 707 is drawn with the express purpose of requiring written, verified allegations for continuance to prevent baseless and dilatory verbal motions such as, I deduce, in the case here. If the actions of trial judges who observe the statutory mandates for the conduct of trials are to be reversed and overturned, as in this case, there will be no order to the administration of justice in this State. No written or verified reasons being advanced, the trial judge properly denied the continuance. The authority conferred upon the trial judge by Article 712 of the Code of Criminal Procedure to grant continuances in his "discretion" in any case where there is "good ground therefor" has been disregarded by this Court's decision in the instant case.
Moreover, in Louisiana the law does not classify a multiple offender charge as a crime. No independent offense is created by a repeated offense. The statute (La.R.S. 15:529.1) merely defines a status and prescribes the circumstances under which an enhanced penalty may be imposed. The additional penalty is for the offense for which the accused has more recently been tried and convicted with the full panoply of due process. State v. Mitchell, 278 So.2d 48 (La.1973); State v. Vale, 252 La. 1056, 215 So.2d 811 (1968); State v. Hingle, 242 La. 844, 139 So.2d 205 (1962); State v. Roy, 219 La. 97, 52 So.2d 299 (1951); State v. O'Day, 191 La. 380, 185 So. 290 (1937). This decision based on the requirements of due process in this multiple offender hearing is therefore misplaced.
No Louisiana decisions have been cited in the majority opinion to support the result reached, despite the fact that recidivist statutes vary greatly from state to state. See Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).
I have no doubt that the appearance and substance of justice have been done here. In my view this record does not support reversal of the trial judge ruling.
I respectfully dissent.
NOTES
[1] See State v. McQueen, 308 So.2d 752 (La.1975).
[2] Palko v. Connecticut, 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937), overruled on other grounds, Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).
[3] Powell v. Alabama, 287 U.S. 45, 68, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932). See also In re Oliver, 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682 (1947): "A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defensea right to his day in courtare basic in our system of jurisprudence . . . ."
[4] See, e.g., Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).