379 So.2d 1072 (1980)
STATE of Louisiana
v.
Vernell J. NELSON.
No. 65182.
Supreme Court of Louisiana.
January 28, 1980.
*1073 Robert Barnard, New Orleans, Orleans Indigent Defender Program, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant, Vernell Nelson, was convicted of two counts of armed robbery, La.R.S. *1074 14:64. On the basis of these convictions and evidence of a 1977 theft conviction he was declared to be a multiple offender; consequently, he was sentenced to serve fifty years' imprisonment at hard labor on each armed robbery conviction.
The defendant designates one error in his assignments of error and requests that we inspect the pleadings and proceedings for any discoverable error. Our review has revealed no errors patent on the face of the record, nor do we think the trial court committed error as alleged in defendant's assignment. But his designation of error does perhaps call for explication of one of our recent opinions.
Defendant contends that his enhanced punishment as an habitual offender was based wrongfully upon his involuntary guilty plea to theft in 1977. At the habitual offender hearing the state introduced fingerprints linking the defendant with his 1977 guilty plea to theft and court minutes showing that he was represented by counsel in that proceeding. However, the state did not present a contemporaneous record of the 1977 guilty plea to theft affirmatively showing that the defendant was informed of and knowingly waived his right to jury trial, his right to confront his accusers, and his privilege against self-incrimination. Defendant argues, therefore, the state was not entitled to judgment enhancing his sentence as a multiple offender because the state did not fulfill its obligation to prove that his 1977 guilty plea was knowing and voluntary. Accordingly, the issue is: Before the prosecution may use a prior conviction to enhance punishment what burden of proof must it sustain that an underlying guilty plea was knowing and voluntary?
In State v. Holden, 375 So.2d 1372 (La.1979), we reaffirmed State v. Lewis, 367 So.2d 1155 (La.1979), as to convictions based on guilty pleas in Louisiana courts subsequent to December 8, 1971; however, we added one element to the Lewis scheme relating to the state's burden of proof to show that the conviction being used to enhance the sentence was the result of a voluntary guilty plea. In Holden we stated: "* * * [W]e adhere to Lewis insofar as it applies to convictions in Louisiana state courts subsequent to December 8, 1971, the date of Jackson's [State ex rel. Jackson v. Henderson, 260 La. 90, 255, So.2d 85] finality. Upon objection by defense counsel that the guilty plea does not affirmatively show it was taken in compliance with Jackson and LeBlanc [State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557], the state will have the burden to show as to these convictions that the defendant waived his constitutional rights as required by the cited opinions of this court." 375 So.2d at 1376.
Thus, with respect to a conviction based on a guilty plea in a Louisiana court subsequent to December 8, 1971, if the defendant objects to the predicate for the state's evidence that the guilty plea was knowing and voluntary, the state has the burden of showing affirmatively a contemporaneous record that, at the time of the plea, the accused was informed of and made a knowing waiver of his privileges against self-incrimination, his right to a jury trial, and his right of confrontation. If the defendant does not object on this ground, the state, in order to establish the knowing and voluntary guilty plea, is required only to prove that the prior conviction resulted from the defendant's guilty plea at which he was represented by counsel. State v. Holden, supra, 375 So.2d at 1376.
The prosecution's failure to produce a contemporaneous record affirmatively showing a knowing and voluntary waiver of the three major constitutional rights shall be treated as a trial irregularity in the enhancement of sentence hearing. The defendant, in failing to object at the time the convictions are introduced or to prove as a matter of defense that no record exists which shows that the sentencing judge complied with the Boykin requirements, waives the irregularity. See La.C.Cr.P. art. 841; State v. Holden, supra. However, just as with other trial irregularities involving fundamental rights, the defendant's failure to *1075 object or present evidence of the non-existence of the record does not prevent his raising the lack of a record of the constitutionally required judicial determination that his plea was voluntary in an application for a writ of habeas corpus, La.C.Cr.P. art. 362, or in a motion for a new trial, La.C.Cr.P. art. 851. See La.C.Cr.P. art. 841, Official Revision Comment (b).
Applying the rules of State v. Holden to the present case, we conclude that the prosecution satisfactorily discharged its burden of proving that the defendant's 1977 plea was voluntary. The minutes showed that the defendant was represented by counsel, and the defendant failed to object to the lack of a predicate for use of his prior conviction. The defendant produced no evidence as a matter of defense that there was no contemporaneous record affirmatively showing compliance with Boykin, nor did he move for a new trial on that basis.
Accordingly, the defendant's convictions and sentences are affirmed.
AFFIRMED.
DIXON, J., concurs.
DENNIS and MARCUS, JJ., concur and assign reasons.
SUMMERS, C. J., and BLANCHE and WATSON, JJ., concur in the result only.
DENNIS, Justice, concurring.
To promote judicial stability on an issue which has been confused almost beyond understanding, I reluctantly join the majority in following the rules of State v. Holden, 375 So.2d 1372 (La.1979). I cannot subscribe, however, to Holden's reasoning. As Justice Dixon pointed out in his dissenting opinion therein, State v. Holden, supra, 375 So.2d at 1376, the Supreme Court's decision in United States v. Timmreck, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) was mistakenly applied by the Holden majority in several respects.
Timmreck merely held that a federal prisoner may not attack collaterally his conviction on the basis of the trial judge's violation of Federal Rule of Criminal Procedure 11's "formal" requisite that the defendant be informed of the mandatory special parole term. The high court explicitly excluded from the effect of its holding "constitutional" and "jurisdictional" violations or defects which occur at the time of a defendant's guilty plea. The Holden majority erred, therefore, in relying on Timmreck to restrict the ambit of remedy for violations of constitutional dimensions in state guilty plea proceedings.
Moreover, the Holden majority's misreading of Timmreck is superimposed on its even more disturbing misconception that the Supreme Court in Boykin "constitutionalized" the requirements of Federal Rule of Criminal Procedure 11, so as to allow each change in construction or application of Rule 11 to affect a litigant's rights under Boykin. See State v. Holden, supra, 375 So.2d at 1374. A fair reading of the majority opinion in Boykin, subscribed to by six members of the high court, as opposed to the view of a two-member minority, reflects that the Court's decision was founded directly on the constitution. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In the majority opinion Justice Douglas alluded to Federal Rule 11 in footnote 5 and quoted from McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), in which the Court stressed that the rule was designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. However, this reference cannot be taken reasonably as a holding that Federal Rule 11 in its entirety, including all its formal requirements and all subsequent amendments, shall be applicable to the states.
Even if one ignores the faulty premises of the Holden majority opinion, it is difficult to understand how the majority inferred from Timmreck that the state should be relieved, by defendant's failure to object, of its obligation to prove the voluntariness of his prior conviction with a contemporaneous record in order to have him declared an habitual offender deserving of enhanced punishment. As I read Timmreck, it forecloses *1076 a federal prisoner's collateral attack on his guilty plea only if it is based on a formal violation of Federal Rule 11, rather than a constitutional or jurisdictional defect. The Timmreck court did not indicate, expressly or impliedly, that it intended to affect a defendant's right to attack collaterally a guilty plea accepted in violation of his fundamental safeguards.
MARCUS, Justice (concurring).
I would overrule both State v. Lewis, 367 So.2d 1155 (La.1979) and State v. Holden, 375 So.2d 1372 (La.1979); however, if Lewis is not overruled outright, I would continue to concur in the limitation placed on it in Holden. Accordingly, I respectfully concur.