432 So.2d 207 (1983)
STATE of Louisiana
v.
Reginald E. ROME.
No. 82-KA-0599.
Supreme Court of Louisiana.
April 4, 1983.
Rehearing Denied June 24, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John Craft, David Paddison, Jim Letten, Asst. Dist. Attys., for plaintiff-appellee.
Calvin Johnson, New Orleans, Wayne Wallace, Charles Spinuzza, Law Students, Loyola Law School Clinic, for defendant-appellant.
*208 DENNIS, Justice.
Defendant, Reginald E. Rome, was convicted by a jury of armed robbery and attempted manslaughter. He was sentenced to serve consecutively 50 years at hard labor without benefit of probation, parole or suspension of sentence for armed robbery and ten and one-half years at hard labor for attempted manslaughter.
On appeal, the defendant argues two assignments of error. He contends that the trial judge erred by ordering him to be shackled during trial and also fell into error by refusing to admonish the jury to disregard a prospective juror's remarks regarding the defendant's shackles.
The trial judge filed a per curiam stating his reasons for ordering the defendant shackled:
This Court ordered the defendant shackled during the trial for several reasons. Firstly, this Court observed that the defendant at the time of a hearing on a Motion to Suppress Identification, held on December 4, 1981, displayed a malicious and hostile attitude to the Court and the witnesses. Secondly, this Court was made aware by the Court's security personnel that the defendant had threatened to escape. Finally, this Court was also advised by the Court's security personnel that the defendant had threatened to kill his girlfriend, Janice Seals, if she testified against him. Miss Seals was called by the State as a witness and she subsequently testified against the defendant.
The action taken by this Court in shackling the defendant was proper under the circumstances and was done in order to prevent any effort on the part of the defendant to disrupt the proceedings of the Court.
We pretermit the question of whether the use of physical restraint on the accused was improper in this case. On the record before us, there is no showing that such use of restraints prejudicially affected the accused or warrants overturning his conviction. Specifically, there was no showing that the jury which convicted the accused was prejudicially affected against the accused as a result of the use of restraints or that the restraints significantly impaired the accused's ability to assist in his defense.
During voir dire a potential juror, Mr. England, saw the shackles upon the defendant's ankles and commented that it "seems like he is already guilty, he is already chained up." Mr. England was immediately challenged for cause and excused by the court.
The record contains no evidence that any other potential juror saw the shackles or heard Mr. England's remark. The defendant offered no evidence to show that other jurors were prejudicially affected or that he was hampered in assisting in his defense. Accordingly, his first assignment of error is without merit.
By a second assignment of error, the defendant contends that the trial court committed reversible error in refusing to admonish the jury to disregard Mr. England's comment about the shackles and to instruct the jury at that point that the defendant was entitled to the presumption of innocence.
Immediately after Mr. England was challenged and excused for cause, a bench conference with defense counsel and the prosecutor was held. However, no objection was made. Voir dire resumed, the jury was empanelled, sworn, and removed from the courtroom.
The defendant argues on appeal that before proceeding with the trial the court should have admonished the jury to disregard the statement of Mr. England and should have instructed the jury at that point that a person accused of a crime enjoys the presumption of innocence.
However, the record reflects that defense counsel did not request the trial judge to admonish the jury to disregard Mr. England's remarks. After the jury was removed, defense counsel requested that the trial court "admonish the jury that because a person is charged with a crime does *209 not mean he is guilty of that crime." The trial judge declined, responding, "that is in my charge to the jury." Accordingly, the trial court merely refused a request to vary the order of trial by instructing the jury on the presumption of evidence before evidence was taken. Defendant does not contend that the trial court failed to deliver this instruction in his general charge to the jury at the end of the trial. Although an early instruction on the subject may have been helpful to the jury under the circumstances, we conclude that it was not reversible error to delay giving it until the general charge. The order and timing of jury instructions are generally within the discretion of the trial court. We find that no misuse of discretion or prejudice to the accused resulted from the trial court's decision.
Therefore, this assignment of error lacks merit.
The defendant's convictions and sentences are affirmed.
AFFIRMED.