Sylvester ROLLINS, Petitioner-Appellant,

v.

Ross MAGGIO, Jr., Warden, Louisiana State Penitentiary, and William J. Guste, Jr., Attorney General, State of Louisiana, Respondents-Appellees.

No. 82–3156.

United States Court of Appeals, Fifth Circuit.

July 7, 1983.

Janice G. Clark, Baton Rouge, La., for petitioner-appellant.

William R. Campbell, Jr., Beryl M. McSmith, Asst. Dist. Attys., New Orleans, La., for respondents-appellees.

Before BROWN, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

Petitioner's principal contention in this Section 2254 attack upon his Louisiana conviction complains of the court's instruction to the jury. The judge told the jury that one who assaults another with intent to inflict great bodily harm has the specific intent of second degree murder and may be so convicted if the assaulted person dies from the assault. He explained that "the law feels that a person is presumed to intend the natural and probable consequences of his own deliberate act." He further told the jury that the law would presume a deliberate and intentional killing where a man with little or no provocation kills another. The judge informed the jury that the state had the burden of proving, beyond a reasonable doubt, the intent to kill or inflict serious bodily harm; his added instructions were designed to explain that the intent might be proved by the circumstances.

The federal district judge approved the magistrate's denial of this writ on the grounds of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and *Tyler v. Phelps,* 643 F.2d 1095 (5th Cir. 1981). Petitioner makes no attempt to explain why these cases do not control, nor do we think it could be done. Assuming that the court's instruction did shift or relieve the State of a burden of proof, it was necessary for Rollins to object to the charge under Louisiana law in order to preserve any error. *State v. Tyler,* 342 So.2d 574, 580 (La.), *cert. denied,* 431 U.S. 917, 97 S.Ct. 2180, 53 L.Ed.2d 227 (1977). When the *Tyler* case came here on habeas attack, we held that *Wainwright v. Sykes* precluded any relief by this court. *Tyler v. Phelps,* 643 F.2d 1095 (5th Cir.1981), *cert. denied,* 456 U.S. 935, 102 S.Ct. 1992, 72 L.Ed.2d 455 (1982).

The Louisiana trial court disposed of the collateral attack in five sentences, the following being the full statement relative to the claimed error in the jury charge: "There is no merit in petitioner's claims that erroneous jury charges were given on the day of trial." One might raise the question about the applicability of *Wainwright v. Sykes* if the Louisiana court denied habeas relief by ruling on the merits of the *Sandstrom* claim rather than holding it to have been waived. The Louisiana court's sentence does not necessarily deal with the *Sandstrom* question. The court merely says that there is no merit to the claim of the habeas petitioner. We could say the very same thing, with or without citing *Wainwright v. Sykes* and *Tyler v. Phelps.* The state judge's mere use of the word "merit" in denying the collateral attack does not justify a federal judge to conclude that the state judge ignored his state law and se-

cretly weighed the constitutionality or harm of the instruction. The most probable conclusion is that he knew and applied the well settled Louisiana law to the effect that petitioner waived error by failing to object to the instruction. *See, Preston v. Maggio,* 705 F.2d 113 (5th Cir.1983).

Petitioner also raises the objection under *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) that the evidence was insufficient. Because of the three eyewitnesses who testified that Rollins killed the unarmed man who had done no more than call petitioner "boy," we see this argument as frivolous.

AFFIRMED.

RANDALL, Circuit Judge, dissenting:

The majority maintains that the Louisiana trial court's statement, in its disposition of the petitioner's application for state habeas corpus relief, that "[t]here is no merit in petitioner's claims that erroneous jury charges were given on the day of trial," at 593–594 "does not necessarily deal with the *Sandstrom* [*v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)] question" on the merits. At 593–594. Satisfied that there is "no uncertainty in the Louisiana law about the requirement that a contemporaneous objection must be made to this instruction if any error is not to be waived," the majority concludes that the petitioner is precluded from challenging the constitutionality of the trial court's charge by *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Because I believe that the trial court's statement constitutes a clear decision on the merits of the petitioner's habeas claim, I would hold that the federal courts are entitled to reach the merits of that claim as well. Therefore, I respectfully dissent.

Without more, a person reading the statement that there is "*no merit* in the petitioner's claims that *erroneous* jury charges were given" (emphasis added) would have to conclude that the trial court meant that the charge as given was not in error; i.e., that it was a correct statement of the law. If this were indeed the trial court's mean-

ing, then its decision would clearly have been made on the "merits" of the petitioner's claim and we would not be barred from reviewing that claim by a state procedural rule that the state courts themselves had declined to apply. *Ulster County Court v. Allen,* 442 U.S. 140, 154, 99 S.Ct. 2213, 2223, 60 L.Ed.2d 777 (1979); *Bell v. Watkins,* 692 F.2d 999, 1004, 1006 (5th Cir.1982); *Miller v. Estelle,* 677 F.2d 1080, 1084 (5th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 494, 74 L.Ed.2d 636 (1982). We have interpreted state court decisions as decisions on the merits on the basis of language far more ambiguous than that used by the trial court here. *See Henry v. Wainwright,* 686 F.2d 311, 313 (5th Cir.1982), *petition for cert. filed,* —— U.S. ——, 103 S.Ct. 783, 74 L.Ed.2d 991 (1983) ("no reversible error is made to appear"); *Clark v. Blackburn,* 632 F.2d 531, 533 n. 1 (5th Cir.1980) (no showing made to "warrant a finding that the trial judge's ruling was in error").

The "something more" in this case further supports the understanding of the state court's statement as a decision on the merits. The petitioner did not raise his *Sandstrom* claim until he filed his application for state habeas corpus relief. Since the state did not file any papers in opposition to the petitioner's application, no one ever argued to the state courts that the petitioner's procedural default should bar review of his claim. The petitioner maintained that he was entitled to raise his claims "in spite of the absence of any contemporaneous objection because the errors complained of *infected the entire proceedings so as to deny him due process of law and a fair trial.*" (emphasis in original) (citations omitted). In *Allen, supra,* the Supreme Court concluded that the prosecutor's failure to mention the procedural default to the state courts "surely suggest[ed] that the [state] courts were not thinking in procedural terms when they decided the issue." 442 U.S. at 152, 99 S.Ct. at 2222. While the petitioner here had apprised the state courts of his procedural default, the state's failure to urge the procedural bar in state court suggests, as it did in *Allen,* that

the state courts were not thinking in procedural terms when they made their decision.

Accordingly, I would hold that the petitioner's challenge to the jury instructions is properly before this court and I would go on to consider whether those instructions constituted *Sandstrom* error. I therefore dissent from the majority's refusal to reach the *Sandstrom* issue.