454 So.2d 1291 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Tommy VIZENA, Defendant-Appellant.
No. CR83-702.
Court of Appeal of Louisiana, Third Circuit.
August 23, 1984.
John Harris, Oakdale, John Demoruelle, Kinder, for defendant-appellant.
John A. Duck, Asst. Dist. Atty., Oakdale, for plaintiff-appellee.
Before LABORDE, YELVERTON and KNOLL, JJ.
LABORDE, Judge.
Tommy Vizena, defendant, was charged by bill of information with simple burglary in violation of LSA-R.S. 14:62. He was convicted by a six-member jury and sentenced to serve nine (9) years at hard labor. Defendant now appeals from his conviction and sentence contending that he was unduly prejudiced during trial by being presented before the jury venire while restrained in handcuffs and that his sentence is unconstitutionally excessive. We affirm.

FACTS
On December 29, 1982, the Oaklin Springs Grocery Store, located on Highway 26 in Allen Parish, was burglarized. An investigation revealed that defendant and Randy Fruge unlawfully entered the store *1292 and took miscellaneous items which included whiskey, knives, bandanas, leather gloves and various other items. These items were seized by the police from defendant subject to a search warrant based on information related to the police by Fruge. Defendant was charged by bill of information with burglary. He entered a plea of not guilty, was tried by a six-member jury, convicted and sentenced to serve nine (9) years at hard labor. Defendant now appeals from his conviction and sentence.

ISSUES
The following issues are presented on appeal:
1) Whether the defendant was unduly prejudiced and deprived of a fair trial by having been presented before the jury venire in handcuffs and shackles prior to selection of the jury; and,
2) Whether the trial judge properly followed the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1 in imposing sentence and whether defendant's sentence is unconstitutionally excessive.

DEFENDANT'S APPEARANCE IN HANDCUFFS: UNDUE PREJUDICE
Defendant contends that his presence before the jury venire in handcuffs prior to selection of the jury was so prejudicial as to have deprived him of a fair trial by jury.
The record indicates that the trial judge ordered the handcuffs removed immediately upon noticing them. Further, defense counsel did not move for a mistrial nor did he seek admonition to the jury.
In State v. Clark, 340 So.2d 208 (La.1976), the Supreme Court was presented with a similar issue. The court held that the defendant must clearly show that the occurrence complained of served to prejudice his rights in order for reversal. The mere fact that a defendant is restrained in shackles or handcuffs before the jury does not, in and of itself, constitute a basis for reversal of his conviction. The defendant must show, or the record must reflect, that he was prejudicially affected to the extent that reversal is warranted. State v. Rome, 432 So.2d 207 (La. 1983).
In the course of reviewing the record and defendant's brief, we do not find that defendant was unduly prejudiced in this instance. One of the prospective jurors did indicate that this factor would affect her ability to be impartial. However, of the jurors that were impaneled, there appears to be no showing or apparent evidence that they were influenced by seeing the defendant in handcuffs, nor that they could not render a fair and impartial verdict based on the evidence presented. We hold that the defendant received a fair trial although the trial court came perilously close to infringement upon his constitutional rights.
Although the trial court was in error for allowing the prospective jurors to view the defendant in handcuffs, it does not appear that the defendant has made a sufficient showing, nor does the record reflect, that he was unduly prejudiced. For this reason, reversal is unwarranted.
Accordingly, this assignment of error is without merit.

REVIEW OF SENTENCE
Defendant complains that the sentence imposed, nine (9) years at hard labor, is unconstitutionally excessive and further, that the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1 were not followed by the trial judge.
The defendant contends that the trial judge did not state for the record the consideration and factual basis for the sentence imposed. We agree. However, in State v. Cox, 369 So.2d 118 (La.1979), the Louisiana Supreme Court held that where the trial judge imposes a sentence without adequate compliance with the mandatory requirements of article 894.1, that he state *1293 the considerations and the factual basis for his sentence, the reviewing court may vacate a sentence and remand for re-sentencing when the reasons of an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record.
On a claim of excessiveness, we will first consider whether the trial court has complied with the requirements of article 894.1. If he has, we then determine the question of excessiveness on the merits. If the trial court has failed to comply with article 894.1, as in this case, we will consider whether the defendant has shown that his sentence is an apparently severe or excessive one. If it is shown to be excessive, the court will remand for re-sentencing. If it is not, we will affirm.
In spite of the trial judge's failure to comply with article 894.1, we find that defendant has failed to show that his sentence is excessive. Further, we do not find from our independent research that defendant's sentence is excessive under these circumstances. State v. Frank, 310 So.2d 110 (La.1975). The crime of simple burglary carries a potential twelve (12) year sentence. The defendant is a record felony offender and it is reasonable that he be sentenced to nine (9) years for the present offense in order to avert further criminal activity by him.
In State v. Jones, 381 So.2d 416 (La. 1980), the Supreme Court refused to remand a sentence despite the trial judge's inadequate compliance with article 894.1. The court held that the penalty was not an apparently severe one, even for a first offender. The same is true in the case before us.
Accordingly, we hold that defendant's sentence must be upheld.
For the above and foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.