487 So.2d 752 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
James Pernell ELLIS and Ronnie Calvin Battie, Defendants-Appellants.
No. CR85-747.
Court of Appeal of Louisiana, Third Circuit.
April 23, 1986.
J. Wade Smith, John M. Crochet, Lake Charles, for defendants-appellants.
Richard Ieyoub, Dist. Atty., Robert R. Bryant, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
*753 Before STOKER, DOUCET and FALKENHEINER,[*] JJ.
DOUCET, Judge.
Defendants, James Pernell Ellis and Ronnie Calvin Battie, were charged by bill of information with the crime of armed robbery in violation of LSA-R.S. 14:64.
Defendants were tried jointly before a jury and were both found guilty as charged.
On the date set for sentencing, February 15, 1985, the State filed habitual offender bills of information against each defendant. On that same day the court found both defendants to be habitual offenders and sentenced each defendant to serve fifty years in the custody of the Department of Corrections without benefit of parole, probation or suspension of sentence.

FACTS
On November 8, 1984, at approximately 5:00 P.M., the Westlake Police Department responded to a call of a possible burglary in progress at the Shelter Insurance Agency in Westlake, Louisiana. Two male suspects were seen inside the building. The defendant Battie was found to have been armed with a pistol. The officer fired one shot at Battie, striking him in the leg. The other two in the building, Ellis and Mack,[1] surrendered to the police.
It was discovered at the scene that the defendants had committed an armed robbery of Michael Fixx and Mark King, tenants of the office building. One of the victims, Mr. Fixx, was struck on the head with a pistol. On appeal, the defendants urge eleven assignments of error.

ASSIGNMENTS OF ERROR NUMBERS 1, 2 AND 4
The defendants contend they were denied a fair and impartial trial as a result of their exposure to the jury venire in the hall, and their presence in the courtroom while dressed in prison garb and handcuffed.
It is alleged by the defendants specifically that they were brought through the courtroom halls in orange prison jumpsuits and shackled where jurors were probably present. It is further alleged that, while in the courtroom the defendants were dressed in khaki shirts and slacks provided by the sheriff's department (apparently regularly worn by prison trustees). There is no contention the defendants were ever handcuffed while in the courtroom, and only defendant Ellis entered the courtroom while dressed in the orange jumpsuit, and it appears that it was at his own request to look for his mother.
The defendants also assign as error the trial court's denial of the defendants' challenge for cause of juror Herbert Ryder, who indicated he had seen defendants in prison clothes and handcuffed in the hallway.
With the exception of the voir dire examination of prospective juror Ryder, nothing in the record shows any prejudice on the part of any other jurors resulting from any of them having possibly seen either of the defendants in prison garb. The examination of juror Ryder was done outside the presence of any of the other prospective jurors.
Upon examination of Herbert Ryder, the judge was satisfied that the juror was not biased as a result of having seen the defendants in prison garb and handcuffed, and denied a challenge for cause with respect to this juror. Specifically, Ryder stated he believed it was normal procedure for anyone coming to trial to be handcuffed and he would infer from that no guilt whatsoever. If a prospective juror is able to declare to the trial court's reasonable satisfaction that he could render an impartial verdict according to the law and evidence, a challenge for cause to that juror is properly denied. State v. Claiborne, 397 So.2d 486 (La.1981). The trial court is *754 vested with broad discretion in rulings on challenges for cause, and such rulings will not be disturbed on appeal absent a showing of an abuse of discretion. State v. Benoit, 440 So.2d 129 (La.1983).
There is nothing in the record which shows that the use of the orange jumpsuits and/or handcuffs, while the defendants were being transported to the trial court, prejudicially affected the defendants or warrants overturning their conviction. See State v. Rome, 432 So.2d 207 (La.1983); State v. Vizena, 454 So.2d 1291 (La.App. 3rd Cir.1984).
Although not shown by the record, defendants allege, in briefs, that they were also dressed in khaki shirts and slacks issued by the parish prison for a short time in the courtroom while the selection of prospective jurors was being taken up by the court. First of all, it is not clear at all that such khaki attire is readily recognizable as prison garb, but even if it were, there is again no showing whatsoever that defendants were denied a right to an impartial trial.
Ordinarily a defendant before the court should not be shackled or garbed in any manner destructive of the presumption of innocence and of the dignity and impartiality of the judicial proceedings. Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). But the mere fact that a defendant is so dressed before the jury does not, in and of itself, constitute a basis for reversal. The defendant must show, or the record must reflect, that he was prejudicially affected to the extent that reversal is warranted. State v. Clark, 340 So.2d 208 (La. 1976); State v. Rome, supra; State v. Vizena, supra. With the exception of juror Ryder, neither the defendants' briefs, nor the record, reflects which, if any, other jurors even saw the defendants before they changed into street clothes.
Accordingly, assignments of error 1, 2 and 4, with respect to the defendants wearing prison garb, are without merit.

ASSIGNMENT OF ERROR NUMBER 3
By this assignment defendants urge that the trial court erred in denying a challenge for cause to prospective juror Timothy Cagle. During the examination, Cagle stated he would believe the testimony of a police officer over that of a layman. The challenge for cause having been denied, defendants peremptorily challenged Cagle.
At the outset it is not clear if either of the defendants had exhausted his individual peremptory challenges before the completion of the jury panel. This of course is necessary before a defendant can complain of a ruling refusing to sustain a challenge for cause. State v. Williams, 447 So.2d 495 (La.App. 3rd Cir.1984), writ den., 450 So.2d 969 (La.1984). The minutes of the court reflect that the defendants jointly used fourteen peremptory challenges. Since each defendant is afforded eight peremptory challenges as per LSA-C. Cr.P. art. 799, sixteen challenges must be used before defendants can complain of the ruling as they do here on appeal. In a joint trial of this nature the peremptory challenges of one defendant cannot be said to be exhausted as long as any such challenges are left to either defendant. State v. Jones, 408 So.2d 1285 (La.1982). Therefore, neither defendant should be heard to complain on the ruling.
In any event the record does reflect that prospective juror Cagle was sufficiently rehabilitated such that the trial court's denial of defendants' challenge for cause would not be error even if peremptory challenges had been exhausted.
Cagle indicated to the trial court's satisfaction that he could treat the testimony of a police officer as that of anybody else. The trial court is vested with broad discretion in ruling on challenges for cause, and his ruling should not be disturbed on appeal absent showing an abuse of discretion. State v. Williams, supra. The assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 5
Defendants contend the trial court erred in conducting the voir dire examination *755 of prospective juror Herbert Ryder outside the presence of the defendants.
The examination of Ryder, as was discussed above concerning his observing defendants in prison uniforms, was held outside the courtroom in an effort to prevent the possible tainting of the entire jury venire in the courtroom. The defendants did not go out into the hallway, and hence were not present at the examination. As a result, defendants argue that the verdict should be set aside.
While LSA-C.Cr.P. art. 831(3) mandates that the defendant be present at the examination of the jury, art. 832 provides that a defendant may not object to his temporary voluntary absence if his counsel was present.
The record reflects that counsel for both defendants were present. Defendants, in their briefs, indicate that they were in the courtroom and knew the examination of Ryder was going to be held outside, but simply chose to remain in the courtroom. This suffices as an effective waiver on the part of the defendants to be absent during that particular voir dire examination. Even if this were not so, all violations of art. 831 do not require a mistrial as defendants suggest. State v. Isaac, 261 La. 487, 260 So.2d 302 (1972). In any event Ryder was challenged and excused by both defense counsels. The violation here, if any at all, was insubstantial, resulted in no prejudice whatsoever, and furnishes no ground for striking the conviction. This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 6
In this assignment defendants object to the trial court's instanter hearing on the habitual offender bill of information.
Sentencing for the armed robbery conviction was originally set for February 15, 1983. On that date the State filed habitual offender bills of information. Defendants pleaded not guilty to the charges and the trial court fixed a hearing instanter and defendants objected. The defendants argue that the instanter hearing denied them the opportunity to investigate the allegations and prepare their defense to the habitual offender bills.
It is noted at the outset that LSA-R.S. 15:529.1 does not mandate any specific minimum delay between the time a defendant denies the allegations and on when inquiry is to be made as to whether the offender has been convicted of a prior felony. As such the instanter hearing does not violate the statute. LSA-R.S. 15:529.1(D) provides:
"D. If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually *756 served under the sentence so vacated." (Emphasis added.)
However, the Louisiana Supreme Court in State v. Davalie, 313 So.2d 587 (La.1975) held that such a delay was required. In that opinion Justice Marcus stated:
"However, it is only reasonable to assume that the legislature intended that the judge fix the hearing with sufficient delay to afford the accused an adequate opportunity to investigate the allegations of prior convictions and respond thereto. Considerations of fairness and justice require such an interpretation."
The court held that a delay for preparation was a fundamental constitutional right. The denial of this right would be a denial of due process. Therefore, the proceedings with respect to the multiple offender bills and the sentence shall be vacated and the case remanded for re-sentencing in such a manner as will afford defendants the opportunity to investigate these charges and prepare their defenses prior to the hearing.
The remaining assignments of error pertain to the habitual offender proceedings or the sentence. It is not necessary that we discuss them due to the conclusion we have reached.
For the reasons assigned, the convictions are affirmed. The sentences imposed are hereby annulled and set aside, and the case is remanded for re-sentencing of the defendants in accordance with the views expressed herein.
REVERSED AND REMANDED.
NOTES
[*] Honorable W.C. Falkenheiner, Judge Ad Hoc.
[1] Co-defendant, Ernest Mack, was also charged with the same crime, his trial having been severed.