James TASCO, Petitioner-Appellant,

v.

Robert H. BUTLER, Sr., Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 87–3154
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 19, 1988.

James Tasco, pro se.

E. Kay Kirkpatrick, Asst. Dist. Atty., Baton Rouge, La., for respondent-appellee.

Before RUBIN, GARWOOD, and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

In 1981 a jury in the Nineteenth Judicial District of Louisiana convicted James Tasco of felony theft. Shortly after the conviction, the prosecution filed a bill of information under Louisiana's habitual offender statute[1] charging Tasco as a third felony offender. The parties dispute whether Tasco's defense counsel ever received a copy of the bill of information.

At a hearing on the bill, the state trial judge asked Tasco whether he had consulted with his attorney regarding the third offender charge. Tasco responded that he had not, and his attorney, Vincent Wilkins, confirmed that there had been no consultation. Wilkins asked to see "whatever the State's got to offer," and, after examining some papers handed to him by the prosecutor, consulted with his client for a few minutes. The court then asked whether Tasco wished to admit or deny the allegations in the Habitual Offender Petition. Wilkins responded that this client wished to deny the allegations but was more concerned with continuing the matter. The state judge denied the continuance, and the state entered its documentary evidence of the prior convictions without objection from Wilkins.

The prosecutor then called Tasco to the stand where he was sworn in over Wilkins's objection that his client was protected against self-incrimination even at the sentencing stage. The state trial judge expressed the opinion that neither the Fifth Amendment of the United States Constitution nor the corresponding amendment of the Louisiana Constitution had "any applicability whatsoever to this particular hearing." When Tasco refused to answer the prosecutor's questions, the court held him in contempt and sentenced him to six months in prison on that charge in addition to twenty years at hard labor, the maximum penalty authorized by the habitual offender statute.

Tasco appealed the conviction and sentence to the Louisiana Supreme Court which affirmed without opinion.[2] Tasco then applied for post-conviction relief in the state district court, alleging that his sentence was imposed in violation of the habitual offender statute as well as the due process clauses of the state and federal constitutions because the state had failed to provide notice of the recidivism charges sufficient to allow him to prepare a defense. The state court denied the application with this statement: "A careful review

---

1. La.Rev.Stat.Ann. § 15.529.1 (West 1981).

2. *State v. Tasco,* 412 So.2d 107 (La.1982).

of the record reveals that petitioner has been properly advised and procedurally protected as regards petitioner's constitutional rights (during the habitual offender hearing and sentencing) in accordance with La. R.S. 15:529.1." The Louisiana Supreme Court denied Tasco's petition for a writ of certiorari or review.[3]

Having exhausted his state remedies, Tasco petitioned for a writ of habeas corpus in federal district court.[4] Acting on the report and recommendation of a United States magistrate, the district court denied the petition without an evidentiary hearing. The district court recognized that if, as Tasco asserts, neither he nor his attorney knew of the recidivism charges until the day of the hearing, the state's failure to provide adequate notice might raise federal due process problems. The court held, however, that the due process claim failed on two grounds: first, because the defense counsel did not make a contemporaneous objection to the denial of a continuance; and second, because Tasco had failed to prove that he was prejudiced by the lack of notice in that the record showed "that petitioner was positively identified as the person who committed the prior felonies, both by distinguishing tatoos and by his admission to the felonies in a prior hearing before the same [state] judge." The district court also found no merit in Tasco's claim that he was denied his Fifth Amendment protection against self-incrimination when Judge Moreau compelled him to take the stand. The district court noted that Tasco provided no evidence against himself contributing to the judge's decision to sentence him as a repeat offender and that the habeas petition contained no challenge to the contempt conviction.

Because we find that the defense counsel's failure to object to the denial of the continuance does not bar consideration of the merits and because, if Tasco had no notice of the recidivism charges until the day of the hearing, he was deprived of due process to his possible prejudice, we reverse the district court's decision and remand for an evidentiary hearing to determine when Tasco and his attorney first received notice of the charges and, if notice was inadequate, whether Tasco has suffered any prejudice as a result.

### I.

■ If the failure of the defense to object to the denial of a continuance was what led the Louisiana courts to deny Tasco post-conviction relief, we may not address the merits of the due process claim nor grant habeas relief absent a showing of cause for the failure to object and prejudice resulting from the due process deprivation.[5] If, however, the state courts reached the merits rather than relying on the procedural bar, we are also free to do so.[6] When the state courts deny the prisoner relief without stating any reasons, we are left to conjecture about the likelihood that their decisions rested on procedural grounds. In making this determination, we consider whether the state courts regularly apply the contemporaneous objection rule to preclude review of the merits of similar claims, whether the history of the case suggests that the courts were aware of the procedural default, and whether the state courts' silence suggests a decision on procedural grounds or on the merits.[7]

■ We conclude that the Louisiana courts did not rely on the procedural bar in this case. The state did not advocate a disposition on procedural grounds in the Louisiana courts, and, indeed, the state urges this court to reach the merits. The

3.  *State ex rel. Tasco v. Blackburn,* 475 So.2d 774 (La.1985).

4.  28 U.S.C. § 2254 (1982).

5.  *Wainwright v. Sykes,* 433 U.S. 72, 84–85, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977); *Bates v. Blackburn,* 805 F.2d 569, 573 (5th Cir.1986).

6.  *Clark v. Maggio,* 737 F.2d 471, 473–74 n. 6 (5th Cir.1984), *cert. denied,* 470 U.S. 1055, 105 S.Ct. 1761, 84 L.Ed.2d 823 (1985); *Moran v. Estelle,* 607 F.2d 1140, 1142–43 (5th Cir.1979).

7.  *Bates,* 805 F.2d at 574; *Preston v. Maggio,* 705 F.2d 113, 116 (5th Cir.1983), *cert. denied,* 471 U.S. 1104, 105 S.Ct. 2334, 85 L.Ed.2d 850 (1985).

statement issued by the Louisiana district court in denying post-conviction relief clearly indicates that it reached the merits and found no constitutional or statutory violations. The Louisiana Supreme Court made no statement in connection with its denial of a writ of certiorari or review, but we do not construe its silence as reliance on the contemporaneous objection rule.

Louisiana's contemporaneous objection rule contains an exception for "rights ... so basic that they can be raised for the first time ... in an application for a writ of habeas corpus (Art. 362)."[8] Article 362(9) of the Louisiana Code of Criminal Procedure expressly authorizes habeas relief for prisoners convicted without due process of law.[9] Tasco contends that he was sentenced without due process. The Louisiana courts have recognized that due process protections apply to prisoners in sentence-enhancement proceedings,[10] and have stated that a failure to object during such a proceeding will not bar a subsequent due process challenge in an application for a writ of habeas corpus.[11] As my colleague Garwood points out in his thoughtful concurring opinion, the decisions of the Louisiana Supreme Court leave open to debate the correct interpretation of Articles 841 and 362, and it would indeed be helpful if this matter were clearly determined. Our reading of the Louisiana decisions, however, leads us to conclude that the Louisiana courts would not rely on a procedural bar to deny relief in this case. Nor may we.[12]

## II.

If, as Tasco asserts, neither he nor his attorney knew of the recidivism charges until the day of the sentence-enhancement hearing, the court's failure to allow Tasco sufficient delay to consult with his attorney and to prepare a defense violated the due process clause of the federal constitution. More than fifty years ago the Supreme Court stated: "The prompt disposition of criminal cases is to be commended and encouraged. But in reaching that result a defendant, charged with a serious crime, must not be stripped of his right to have sufficient time to advise with counsel and prepare his defense."[13] The due process protections of notice of charges and an opportunity to consult with counsel apply at sentencing,[14] as the Louisiana courts have recognized.[15] Under Louisiana's habitual offender statute, Tasco was subject to a maximum sentence twice as long as the maximum permissible unenhanced sentence.[16] Thus, his fundamental liberty interests were at stake, and due process required that the state afford him a fair opportunity to defend himself against the charges of recidivism.

The state contends, however, that any deprivation of Tasco's constitutional rights was harmless error under *Chapman v. California*[17] and *Rose v. Clark*.[18] These cases establish the standard that, "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless be-

---

8. La. Code Crim.Proc.Ann. art. 841 (West 1984) (Revision Comment (b)).

9. La. Code Crim.Proc.Ann. art. 362 (West 1966).

10. *State v. Ellis,* 487 So.2d 752, 756 (La.Ct.App. 1986); *State v. Davalie,* 313 So.2d 587, 590–91 (La.1975).

11. *State v. Nelson,* 379 So.2d 1072, 1074–75 (La. 1980).

12. *Cf. Clark v. Blackburn,* 632 F.2d 531, 533 n. 1 (5th Cir.1980).

13. *Powell v. Alabama,* 287 U.S. 45, 59, 53 S.Ct. 55, 60, 77 L.Ed. 158 (1932). *See also In re Oliver,* 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92

L.Ed. 682 (1948); *Cole v. Arkansas,* 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948).

14. *Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 1204–05, 51 L.Ed.2d 393 (1977); *Mempa v. Rhay,* 389 U.S. 128, 134, 88 S.Ct. 254, 257, 19 L.Ed.2d 336 (1967).

15. *Ellis,* 487 So.2d at 756; *Davalie,* 313 So.2d at 590–91.

16. La.Rev.Stat.Ann. § 15:529.1.A.(2)(a).

17. 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

18. 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).

yond a reasonable doubt." [19] The record in this case leaves us in doubt concerning whether the due process deprivation affected the outcome of the sentence-enhancement proceeding. We know the state offered competent evidence that Tasco had two prior felony convictions, but we do not know whether, given a chance to make a defense, Tasco might have proved these convictions invalid.[20]

We find no merit in Tasco's second claim, that the sentencing court violated his Fifth Amendment right not to be forced to testify against himself. The court's judicial notice of his identifying tattoos and scar did not impinge on his Fifth Amendment privilege,[21] nor did the court's judicial notice of his prior admissions, unless these were compelled, a claim Tasco does not make. Because Tasco refused to answer questions from the witness stand, he provided no testimonial evidence that could have been used in sentencing him under the habitual offender statute. As the district court correctly noted, Tasco does not challenge the contempt conviction in this petition.

For these reasons, we REVERSE the district court's decision in part and REMAND for an evidentiary hearing [22] to determine when in fact Tasco and his attorney first received notice of the recidivism charges. If Tasco did not receive notice sufficient to allow him to prepare a defense, then the district court shall determine whether the state has shown beyond reasonable doubt that he suffered no prejudice as a result. The state must of course make such a showing by adducing adequate evidence not only that the petitioner has been convicted but that each conviction was valid prima facie. If the state makes such a prima facie showing, then the defendant must be given an opportunity to show the invalidity of the conviction or otherwise to raise a reasonable doubt concerning the existence of prejudice as a result of the lack of adequate notice. If the district court should conclude that Tasco received inadequate notice and that the state has failed to show lack of prejudice beyond reasonable doubt, the district court shall issue a conditional writ of habeas corpus to be executed only if the state shall fail to initiate new sentence-enhancement proceedings within a reasonable time to be set by the district court.

GARWOOD, Circuit Judge, with whom JONES, Circuit Judge, joins specially concurring: *

I concur in all of Judge Rubin's cogent opinion except so much of the last paragraph of part I as may imply that the Louisiana courts do not apply a contemporaneous objection rule in respect to claims of constitutional error, or at least do not do so on habeas corpus under Louisiana Code of Criminal Procedure article 362(9).

The principal Louisiana statutory provision requiring contemporaneous objection is Louisiana Code of Criminal Procedure article 841, and it makes no express exception for constitutional error. It is true, as Judge Rubin's opinion points out, that the official revision comment (b) to article 841 states, "Of course, certain rights are so basic that they can be raised for the first time ... in an application for a writ of habeas corpus (Art. 362). ..." However, this statement does not necessarily exclude application of a cause and prejudice, or similar requirement for raising unobjected to claims of constitutional error. It is also true that Louisiana Code of Criminal Procedure article 362(9) allows habeas corpus relief for constitutional errors, but this, again, is not necessarily inconsistent with a

---

**19.** *Chapman,* 386 U.S. at 24, 87 S.Ct. at 828. *See also Rose,* 478 U.S. at ——, 106 S.Ct. at 3105 (and cases cited therein).

**20.** *Cf. United States v. Olson,* 716 F.2d 850, 853 (11th Cir.1983).

**21.** *United States v. Wade,* 388 U.S. 218, 222, 87 S.Ct. 1926, 1930, 18 L.Ed.2d 1149 (1967).

**22.** *Guice v. Fortenberry,* 661 F.2d 496, 500–01 (5th Cir.1981) (en banc).

* As neither party in this case has requested oral argument, and as all of the judges participating agree that the case may be disposed of without oral argument, the filing of this special concurrence is consistent with this Court's summary calendar policies.

cause and prejudice or similar requirement where there has been a failure to make otherwise required objections. After all, the federal courts can and do grant collateral relief from both state and federal convictions for constitutional error, but in instances of procedural default a cause and prejudice requirement is nevertheless applied in proceedings under 28 U.S.C. § 2255 as well as under 28 U.S.C. § 2254. I observe in this connection that official revision comment (i)(4) to article 362(9) indicates that a major purpose of that provision was to allow Louisiana courts to grant collateral relief in cases in which the federal courts would otherwise do so, but without intending "to allow habeas corpus to be used as an alternative to an appeal."

To read article 362(9), and the comments to article 841, as completely doing away with the requirement for objection in proceedings under article 362(9) suggests that, for example, a case could *not* be reversed *on appeal* on the grounds of constitutionally improper jury instructions or erroneously admitted evidence, where there was an unexcused failure to object at trial, even though the point was briefed and argued to the appellate court, but the conviction could nevertheless be set aside on habeas corpus under article 362(9). It would seem to be the essence of good judicial administration to review the claimed error on the merits, if it is so to be reviewed at all, at the earliest opportunity to appropriately do so, which will generally be on direct appeal. Of course, that is a determination to be made by Louisiana, not by the federal judiciary. But this consideration does suggest caution in concluding that Louisiana has elected to follow such an unusual path.

I recognize that language in Justice Dennis' opinion in *State v. Nelson*, 379 So.2d 1072, 1074–75 (La.1980), does indicate that Louisiana has indeed elected to follow that path, at least in a situation arguably analogous to that here. However, not only was that particular question not before the court in *Nelson*, which was a direct appeal, but it is clear that a majority of the justices declined to join in Justice Dennis' opinion. Of the six justices participating, three (Summers, C.J., Blanche and Watson, JJ.)

concurred in the result "only" (and did not write), and Justice Marcus' concurring opinion does not speak to this matter. It is also true that in *Clark v. Blackburn*, 632 F.2d 531, 533 n. 1 (5th Cir.1980), there is language indicating that the Louisiana contemporaneous objection rule simply does not apply in proceedings under article 362(9). However, this language in *Clark* would appear to be dicta inasmuch as there "petitioner's habeas claim was denied by the state courts on the merits," and for that reason we too were bound to rule on the merits. *Id.* To take the broad view expressed in the *Clark* dicta would be to in effect make the contemporaneous objection rule generally unavailable in challenges under 28 U.S.C. § 2254 to Louisiana convictions. Yet we have on many occasions applied the cause and prejudice, procedural default rule to Louisiana convictions challenged under section 2254. *See, e.g., Tyler v. Phelps*, 643 F.2d 1095, 1100–02 (5th Cir. 1981), *cert. denied*, 456 U.S. 935, 102 S.Ct. 1992, 72 L.Ed.2d 455 (1982); *Preston v. Maggio*, 705 F.2d 113, 116 (5th Cir.1983); *Rollins v. Maggio*, 711 F.2d 592 (5th Cir. 1983); *Webb v. Blackburn*, 773 F.2d 646, 650–51 (5th Cir.1985); *Glass v. Blackburn*, 791 F.2d 1165, 1169–70 (5th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1985, 95 L.Ed.2d 824 (1987); *Bates v. Blackburn*, 805 F.2d 569, 572–76 (5th Cir.1986). Absent some clearer indication that we have misread the relevant Louisiana law, I would not depart from the teaching of these decisions.

Nevertheless, for the reasons stated in the next to last paragraph of part I of Judge Rubin's opinion, I agree that in this case we may properly reach the merits.