407 So.2d 673 (1981)
STATE of Louisiana
v.
Jerry L. JOHNSON.
No. 81-KA-0871.
Supreme Court of Louisiana.
December 14, 1981.
*674 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., Herman L. Lawson, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
J. Stacey Freeman, Shreveport, for defendant-appellant.
GULOTTA, Justice Ad Hoc[*].
Defendant pleaded guilty to one count of distribution of marijuana, reserving his right to appeal from the denial of his motion to suppress evidence on the ground that his warrantless arrest in his home was presumptively unreasonable under the standards of Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) and State v. Brown, 387 So.2d 567 (La.1980). Finding that "exigent circumstances" justified the arrest of defendant in his residence, we conclude that the ensuing seizure of the evidence was lawful. We affirm.
State Trooper Barbara L. Brossette, on undercover assignment, accompanied a police informer, Allen Ebarb, to defendant's trailer in DeSoto Parish to purchase marijuana. Brossette on the morning of the "buy" had been planted with a radio transmitter. En route to the trailer park, Ebarb, concerned that Brossette was "bugged", "shook her down". Although he did not find the transmitter, he accidentally inactivated it. Brossette became frightened when Ebarb told her, "Look, if Jerry [the defendant] gets wise I am going to burn you. You are going to go before I let Jerry know I snitched on him."
After arriving at the trailer, Ebarb and Brossette were admitted in by defendant who sold Brossette four bags of marijuana for $1,700.00. She refused to buy some Quaaludes. While in the trailer, Brossette saw Ebarb steal some pills. Frightened that defendant had seen Ebarb take the pills, Brossette decided to call for help. She went to the bathroom, discovered that the transmitter had been turned off, activated it and called for help to fellow officers outside with the words, "Come on in." Brossette thereafter went to the front door and opened it to plain clothes agents who entered and placed defendant under arrest. Marijuana and pills, in plain view, were seized as evidence from defendant's kitchen table.
In Payton v. New York, supra, the United States Supreme Court held that searches and seizures inside a home without a warrant are per se unreasonable unless the police can show that an exception applies because of "exigent circumstances." In State v. Brown, supra, this court adopted the Payton standard.
"[2, 3] Even if probable cause to arrestexisted, the arrest was illegal. `We .. hold that the Fourth Amendment to the United States Constitution ... prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest.' Payton v. New York, supra, [445 U.S.] page 576, 100 S.Ct. p. 1375. Such a warrantless arrest in a home is also prohibited by Article 1, § 5 of the Louisiana Constitution of 1974.2 See State v. Ranker, 343 So.2d 189 (La.1977)" [footnote omitted]
Accordingly, defendant claims that Brossette's request for help was premature and gave police no probable cause to enter the trailer without his consent. According to defendant, there were no exigent circumstances justifying uninvited entry into his dwelling. He argues, therefore, that his warrantless arrest was illegal and that any evidence gathered incident to that arrest is tainted and inadmissible. Defendant emphasizes that the police had several days in which to prepare for this "buy" and, thus, had ample time to get an arrest warrant.
Cognizant of the Payton standard, we, nonetheless, conclude that "exigent circumstances" existed in this case to permit the *675 warrantless entry and arrest of defendant. It is clear that Officer Brossette, having been searched and threatened by the informant, feared for her safety during the undercover operation. That fear was reinforced when the informant "lifted" some pills from the kitchen table and caused Brossette reasonably to suspect trouble if defendant had seen the theft. Remembering Ebarb's previous threat on her life in case of trouble, Brossette chose to call for help instead of executing an arrest by herself.
Although Brossette's call for aid was the brief statement, "Come on in", it provided ample probable cause for the police outside to suspect that there was trouble. This belief was particularly reasonable since the waiting officers had not heard the drug transaction through the transmitter as planned. Apprehension by the waiting officers outside the trailer was highlighted by the failure of the inactivated transmitter to transmit information to them of the happenings inside the trailer as arranged. The safety of the undercover officer provided exigent circumstances for the police outside to enter defendant's dwelling without consent or warrant to execute the arrest.
As this Court stated in State v. White, 399 So.2d 172 (La.1981), the Fourth Amendment does not bar police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid. Such exigent circumstances make this arrest an exception to the Payton principle.
Considering the exigent circumstances, we conclude the warrantless arrest of defendant was legal and the evidence gathered incident to that arrest is admissible.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[*] Judges James C. Gulotta and Jim Garrison of the Fourth Circuit Court of Appeal, and Judge Bernard J. Bagert of the Criminal District Court for the Parish of Orleans, participated in this decision as associate justices ad hoc, joined by Chief Justice John A. Dixon, Jr. and Associate Justices Pascal F. Calogero, Jr., Walter F. Marcus, Jr. and Fred A. Blanche.