476 So.2d 1170 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Michael Wayne MURRAY, Defendant-Appellant.
No. CR85-125.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1985.
John Lavern, Lake Charles, for defendant-appellant.
Richard P. Ieyoub, Dist. Atty., F. Wayne Frey, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before STOKER, DOUCET and KNOLL, JJ.
STOKER, Judge.

HISTORY OF THE CASE
Defendant, Michael Wayne Murray, was convicted of the crime of purse snatching, a violation of LSA-R.S. 14:65.1, and sentenced to serve twenty years in the custody *1171 of the Louisiana Department of Corrections, to run consecutively with any other sentence he was then serving. In appealing his conviction and sentence defendant urges three assignments of error.

FACTS
On September 20, 1983, Mr. Rene Hebert, a Coca Cola delivery man, was working on Enterprise Boulevard in Lake Charles, Louisiana. While delivering drinks at the American Vet, Hebert noticed a man who he recognized as having seen before. The man was standing with a companion near Hebert's truck. Hebert felt that the men were watching him, so he took the precaution of locking the truck when he went in to make the delivery.
Hebert proceeded on to make his next delivery at the American Legion which was about a block away. As he leaned over to take the drinks from the truck, he felt a tugging at his wallet. He reached back and felt the sharp edges of his wallet chain cutting his arm as the assailant snatched the wallet from his pocket. The wallet contained over $400 in cash and another $400 in checks. Hebert yelled out, "Hey" several times, causing the man to turn. Hebert later identified the defendant in a photographic lineup as the man who stole his wallet.
Lincoln Charles, who worked at the American Legion, responded to Hebert's calls and gave chase after the thief. Although he was unable to catch the assailant, Charles was later able to identify the defendant.

ASSIGNMENT OF ERROR NO. 1
In Assignment of Error No. 1, the defendant contends that, during its closing argument, the State made reference to the defendant's failure to testify in his own behalf. He therefore claims he was denied a fair trial and that his right against selfincrimination was violated.
The defendant claims that the following statement during the prosecutor's closing argument directly referred to his failure to testify or present evidence in his defense:
"... When you go into that jury room, you are going to reach your decision based on what you have heard here in court and what you sawthe four pieces of evidence that were submitted (two photo line-up forms and the photo lineups themselves) and the testimony that was presented here in courtand you are to draw whatever inferences from that testimony or from the lack of any testimony as you see appropriate ..."
In State v. Smith, 433 So.2d 688 (La. 1983), the Louisiana Supreme Court examined an alleged reference by a prosecutor to a defendant's failure to testify as the basis for mistrial under La.C.Cr.P. art. 770. In Smith, the court stated at page 697:
"La.C.Cr.P. art. 770 provides, in pertinent part:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(3) The failure of the defendant to testify in his own defense;"
* * * * * *
In order to mandate a mistrial under this provision, the alleged indirect reference must be intended to draw the attention of the jury to the defendant's failure to testify or present evidence in his behalf. State v. Johnson, 426 So.2d 95 (La.1983); State v. Stephenson, 412 So.2d 553 (La. 1982); State v. Curry, 390 So.2d 506 (La.1980)."
In the present case, as in Smith, supra, it appears that the prosecutor's comments were directed to the lack of evidence in general in the defendant's behalf. Here, the defense only presented one witness when it was obvious that others might have been called to refute the State's case. "Where the defendant himself is not the only witness who might take the stand to *1172 refute the state's case, argument to the jury that the state's presentation of the facts is uncontroverted does not focus the jury's attention on the defendant's failure to testify. State v. Latin, 412 So.2d 1357 (La.1982); State v. Perkins, 374 So.2d 1234 (La.1979)." 433 So.2d at page 697. Finally, there was no specific reference to the defendant's failure to take the stand. Thus, even assuming that the prosecutor's closing argument referred vaguely to the defendant's failure to testify, it is not plain from the record that the references, if any, were intended to focus the jury's attention on the defendant's failure to testify or present evidence in his behalf.
This Assignment of Error is without merit.

ASSIGNMENT OF ERROR NO. 2
In Assignment of Error No. 2, the defendant contends that the defense counsel's failure to object to the State's alleged reference to the defendant's failure to testify constitutes a denial of effective assistance of counsel.
The United States Supreme Court addressed this issue in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The court stated that an accused is entitled to reasonably effective assistance of counsel in accordance with the Sixth Amendment of the United States Constitution. In order to prove a claim of ineffective representation, the defendant must show that his counsel's performance not only was deficient, but that the errors committed by counsel prejudiced the defense in that the defendant was deprived of a fair trial or trial whose result is reliable.
The Louisiana Supreme Court has also addressed this issue in the recent case of State ex rel. Graffagnino v. King, 436 So.2d 559 at 564 (La.1983). The court pointed out that "[e]ffective assistance of counsel does not mean `errorless' counsel, or counsel which may be judged ineffective on mere hindsight, but counsel `reasonably likely to render and actually rendering reasonably effective assistance.' State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, 416 So.2d 528 (La.1982)." The court approved the rule laid out in State v. Berry, 430 So.2d 1005 (La.1983) which adopted the two-pronged inquiry of McQueen v. Swenson, 498 F.2d 207 (8th Cir.1974). The inquiry is, first, "whether counsel violated some duty to the client" and, second, "whether the violation, if any, prejudiced the client in the defense of his case."
Since this Court finds that there was no improper statement during the closing argument about which defense could object, there was no breach of duty toward the defendant which unduly prejudiced the defendant in defense of his case. The defendant was not prejudiced in any manner nor was he denied the effective assistance of counsel.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant here contends that his sentence of twenty years to be served with the Department of Corrections is excessive punishment in violation of Article 1, Sec. 20 of the Louisiana Constitution of 1974. He was convicted of purse snatching in violation of LSA-R.S. 14:65.1 which provides for a possible sentence of not less than two, nor more than twenty years.
Excessive punishment is prohibited by Article 1, Sec. 20 of the Louisiana Constitution of 1974. The Supreme Court has found that even though a sentence is within statutory limits it may, nevertheless, be found excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). LSA-C.Cr.P. art. 894.1 lists relevant sentencing factors for the court to consider before imposing sentence. See Appendix I. It further provides that the judge fully articulate his reasons for imposing sentence. If the record clearly shows the factual basis and individual considerations upon which the sentence is based, the court's review is limited to whether the trial court's discretion *1173 has been abused. State v. Cox, 369 So.2d 118 (La.1979).
The defendant argues that the record as a whole is insufficient to meet the requirements of Article 894.1(C) of the Code of Criminal Procedure which requires that, "the court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence."
The Supreme Court has indicated that it is not necessary that the trial court articulate every aggravating and mitigating circumstance if it is clear from the record that he has considered them when particularizing the sentence to the defendant. State v. Vaughn, 378 So.2d 905 (La.1979); State v. Franks, 373 So.2d 1307 (La.1979), appeal after remand, 391 So.2d 1133, cert. denied, 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818.
The record of the sentencing hearing indicates that the judge reviewed the individual record of the defendant. He observed that the defendant's record was not good. It showed that he had been convicted of three previous felonies: burglary, theft, and armed robbery. He stated that it appeared that the State could have filed a multiple offender bill in which case the least the court could give the defendant would have been twenty years. He questioned counsel about charges which seemed to be pending. The prosecutor explained that defendant had already been convicted of one of the charges listed as pending, a burglary, a fact not yet appearing on his rap sheet. He explained that the defendant was currently serving a seven-year sentence for the burglary. As to a second charge of possession of a controlled dangerous substance, which also appeared to be pending, the defendant himself explained that it had been dropped when he "copped out for the seven years on the burglary charge."
The defendant makes much of the fact that the court was unaware that the pending charges had been disposed of. The information was not yet on the defendant's record and all the parties were given the opportunity to clarify the situation. It is clear that the judge considered the true nature of the situation. State v. Guiden, 399 So.2d 194 (La.1981), cert. denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305.
Since we find that the trial court did comply with LSA-C.Cr.P. art. 894.1, we will only consider whether there has been a manifest abuse of the court's discretion in sentencing defendant to twenty years, the maximum sentence allowed for purse snatching. Considering the past record of the defendant and the nature of his past crimes, it was not unreasonable for the judge to impose the maximum sentence of twenty years.

DISPOSITION
The conviction and sentence of the defendant is affirmed.
AFFIRMED.

APPENDIX I
"1. La.C.Cr.P. art. 894.1 (1977) is entitled "Sentence guidelines; generally", and it provides:
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:

*1174 (1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence."