539 So.2d 1275 (1989)
STATE of Louisiana
v.
Charles SERGON.
No. CR88-577.
Court of Appeal of Louisiana, Third Circuit.
March 15, 1989.
*1276 David James, Alexandria, for defendant-appellant.
Cliff Strider, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before GUIDRY, LABORDE and KING, JJ.
GUIDRY, Judge.
The defendant, Charles Sergon, was tried by a jury for the crime of simple rape and convicted of the responsive crime of attempted simple rape, a violation of La.R.S. 14:43 and 14:27. Defendant was billed as a multiple offender, under La.R.S. 15:529.1, and on April 15, 1988, defendant was sentenced to serve a term of eighteen (18) years at hard labor. Defendant now appeals on the basis of one assignment of error.
Defendant argues that statements made by the district attorney during closing argument called attention to his failure to testify. Accordingly, defendant urges that the trial court erred when it refused to grant his motion for a mistrial urged immediately following the State's closing argument. La.C.Cr.P. art. 770(3). Specifically, defendant complains that the State's several references to uncontroverted evidence focused attention on defendant's failure to testify and clearly warranted a mistrial under State v. Latin, 412 So.2d 1357 (La. 1982), and State v. Perkins, 374 So.2d 1234 (La.1979).
In the instant case, the prosecutor referred to the fact that certain evidence was uncontradicted several times during his closing argument. On page 113 of the transcript, the prosecutor stated:
"You heard evidence. You've heard uncontroverted evidence. You've heard evidence from witnesses who told you what happened that night. There's been some skillful cross-examination to try to shake these people. There's been some skillful cross-examination to try and inject some facts into the case which really aren't there."
On page 114, again the prosecutor stated:
"... There's nothing more we can do. We presented the evidence to you, and I would submit to you that it's uncontradicted. I would submit to you that there's been no ... absolutely no bias shown, no one has anything to gain, no one has anything to lose ... any of the witnesses, they just testified to what happened. And the State has proven its case."
On page 115, the prosecutor also stated:
"The State has presented witnesses with uncontradicted testimony, credible witnesses, they've proven each and every element of this case. ... if you listen to all of the evidence, and listen to everything that's said ... uncontradicted evidence, I think you'll find ... I know you'll find that the State has proven its case beyond a reasonable doubt."
Again, on page 118, the prosecutor stated:
"... Nowhere, no time has anyone ever said it wasn't Charles Sergon. I would submit the evidence shows Charles Sergon was in that house...."
And on page 119:
"... I would suggest to you that all the evidence indicates that Charles Sergon was the one who did this. All the evidence indicates there was penetration...."
La.C.Cr.P. art. 770(3) reads in pertinent part as follows:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(3) The failure of the defendant to testify in his own defense; ..."
In State v. Latin, supra, the court stated:
"References made in closing argument that the State's case stands uncontroverted have been frequently upheld by this Court. See State v. Sims, 346 So2d 664 (La.1977); State v. Reed, 284 So2d 574 (La.1973). A statement that the State's theory of the case remains unassailed encompasses the entire case *1277 presented by the defense and does not focus on the defendant's failure to take the stand. However, when the defendant is the only person who can dispute the testimony, a reference to the testimony as uncontroverted focuses the jury's attention on the defendant's failure to testify. See State v. Perkins, 374 So2d 1234, 1237 (La.1979)." See also State v. Sprinkle, 439 So2d 1230 (La.App. 5th Cir.1983).
The record does not reflect that the defendant was the only person who could dispute the testimony of the various witnesses presented by the State. The several statements made by the State during its closing argument do not evidence any intent on the part of the State to direct the jury's attention to the fact that the defendant did not testify. Rather, as the prosecution stated at the time of the objection, these statements draw attention to the strength of the State's case and the fact that defense counsel's cross-examination did not challenge certain essential elements of the State's case. See State v. Murray, 476 So.2d 1170 (La.App. 3rd Cir.1985). The comments complained of were indirect and made without any intent to focus on the defendant's assertion of his Fifth Amendment Right not to testify. Cf. State v. Johnson, 541 So.2d 818 (La.1989).
For these reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.