WILLIAMS, Judge.
Defendant, Tony J. Mills, was charged by bill of information on August 31, 1987 with possessing cocaine in violation of LSA-R.S. 40:967. He pled not guilty to the charge. Following trial, a jury found him guilty as charged on December 17, 1987. Defendant was sentenced on December 29, 1987 to serve three years at hard labor with credit for time served and to pay $155 in court costs or, in lieu thereof, to serve thirty days in parish prison. Subsequently, he was adjudicated a second felony offender. His original sentence was set aside on March 17, 1988. He was resentenced, as a second felony offender, to serve three years at hard labor with credit for time served and to pay $155 in court costs or spend thirty days in parish prison.
On appeal, defendant seeks to have the multiple offender adjudication vacated and his original sentence reinstated. He contends the trial court erred in adjudicating him a second felony offender because the State failed to prove he was represented by counsel when he pled guilty to the predicate offense. Defendant, who is indigent, also seeks to have vacated the portion of his sentence which requires him to serve time in parish prison in default of payment of court costs.
We agree with both of defendant’s contentions. The documents pertaining to the predicate offense which the State submitted at the multiple bill hearing indicate only that defendant pled guilty and was sentenced. Those documents, however, do not indicate he was represented by counsel at either phase. Absent affirmative evidence of such representation, the State failed to meet its burden of proof. The second felony offender adjudication must therefore be vacated and his original sentence reinstated. Further, as it is unconstitutional to require an indigent defendant to serve additional time for defaulting on court costs, defendant’s original sentence must be amended to delete the imposition of thirty days in parish prison in default of payment of court costs.
*541 FACTS
While on routine patrol, at noon on July 28, 1987, Officer Scheurman observed defendant and an unknown black male at the intersection of Conti and North Villere Streets. Scheurman thought the two men became nervous when they noticed him. They split apart, walking off in opposite directions. Scheurman observed defendant throw down a white purse. Retrieving the purse, Scheurman found within it three plastic bags containing a white powder. Thereafter, defendant was apprehended and arrested. The contents of the three plastic bags were tested and found to be cocaine.
ERRORS PATENT
A review of the record reveals no errors patent.
ASSIGNMENTS OF ERROR
With his first assignment of error, defendant seeks to have the multiple offender adjudication vacated and his original sentence reinstated. He claims the trial court erred in ruling him a second felony offender due to the State’s failure to prove he had been represented by counsel when he pled guilty to the predicate offense committed in Tennessee.
When the State seeks to enhance a sentence based upon a prior plea of guilty entered in a state other than Louisiana or in a Louisiana court prior to December 8, 1971, the State is required only to prove the conviction by a plea of guilty with representation of counsel. State v. Cressy, 440 So.2d 141 (La.1983).
In its multiple bill, the State alleged defendant was previously charged with possession of cocaine with intent to deliver; that offense was docketed as case number 85-F-1698, in Davidson County, State of Tennessee; and defendant was convicted as charged and sentenced to serve ten years at hard labor. However, while the State’s exhibits indicate defendant pled guilty and was sentenced on September 18, 1984, they do not affirmatively show defendant entered his guilty plea with representation of counsel.
The documentation is lacking evidence, such as a minute entry, which evinces defendant was represented by counsel when entering his plea. The only evidence alluding to representation is a correctional facility admittance sheet prepared by the Tennessee Department of Corrections on September 25,1985, eight days after defendant entered his plea. That document merely states “G. Duzane” is the defense attorney. It does not disclose Duzane was present when the plea was entered. Nor does it disclose Duzane participated in defendant’s decision to enter the plea.
Thus, due to the absence of evidence affirmatively showing defendant was represented by counsel when entering his guilty plea on the predicate offense, the State failed to meet its burden of proof on the multiple bill. Cf. State v. Cressy, supra [even though the minute entry did not indicate defendant was represented by counsel when entering his pre-1970 guilty plea, because the post-sentence statement evinced defendant had counsel at the sentencing which immediately followed the entering of his plea, the State adequately proved the plea to the predicate offense was entered with the representation of counsel]; State v. Fleury, 545 So.2d 1208 (La.App. 4th Cir.1989) [the docket master from defendant’s pre-1970 California conviction was insufficient to show defendant pled guilty with representation of counsel because the docket master merely noted in the upper right hand corner that “P.D.'” (presumably, public defender) represented defendant while no minute entries demonstrated counsel was present when the plea was entered.] Defendant was therefore improperly adjudicated a second felony offender.
In his second assignment of error, defendant contends that as he is indigent, the trial court erred by ordering him to serve thirty days in jail if he fails to pay $155 in court costs. The State agrees with defendant’s contention.
It is unconstitutional to impose on an indigent defendant a sentence requiring payment of a fine or court costs in default *542 of which he must serve additional time. State v. Ellzey, 496 So.2d 1090 (La.App 4th Cir.1986); State v. Barnes, 495 So.2d 310 (La.App. 4th Cir.1986); State v. Jackson, 492 So.2d 1265 (La.App. 4th Cir.1986). Cf. State v. Jordan, 522 So.2d 1179 (La.App. 4th Cir.1988). Thus, defendant’s original sentence must be amended to delete the imposition of thirty days in default of payment of court costs.
For the reasons assigned, defendant’s conviction is affirmed and his adjudication as a second felony offender is reversed. The sentence imposed as a recidivist offender is vacated. The sentence imposed on December 29, 1987 is reinstated but amended to delete the imposition of thirty days in parish prison in default of payment of $155 in court costs.
CONVICTION AFFIRMED; ENHANCED SENTENCE VACATED; ORIGINAL SENTENCE REINSTATED AS AMENDED.